Ramón Antonio Mercader, Appellant, v. Registrar of Property of San Germán, Respondent.

No. 850. Argued June 22, 1931.—Decided July 22, 1931.

*E. López Acosta* for appellant. The registrar did not appear.

MR. JUSTICE ALDREY delivered the opinion of the Court.

In the partition of the estate of Rosario Cancel Marti, deceased, made by José Quiñones Rivera, as commissioner in partition appointed by the District Court of Mayagüez, jointly with Francisco Rodríguez, the surviving husband; Ramón Antonio Mercader, as assignee of the share of said surviving husband in the conjugal property; and José Ramón Vélez, as father with *patria potestas* over his minor children, who are the grandchildren and sole heirs of the decedent, there was allotted to Ramón Antonio Mercader, as the assignee of the rights of decedent's husband the sum of $429.74, and in payment thereof and of certain claims against the estate amounting to $1,319.91, there was conveyed to him a 25-acre tract of land, valued at $1,724.65, and $25 in shares of stock in a bank. The heirs were allotted undivided interests as their shares in the estate and certain fruits for the payment of designated debts. The surviving husband appeared for the purpose of renouncing, as he did renounce, his right to the legal usufruct.

The above partition was submitted to the District Court of Mayagüez, before which all the interested parties appeared and manifested their agreement. The district attorney stated that he considered said partition to be just, reasonable, and equitable; and the court having so found, it approved the same in every particular.

The Registrar of Property of San Germán recorded the property allotted to Ramón Antonio Mercader only as regards his share therein as the assignee of the surviving husband, Francisco Rodríguez Martínez, and refused the

record as regards the allotment made to him for the payment of debts of the estate.

The registrar based his aforesaid refusal on the grounds that as in the partition there were minors represented by their father, the latter had no authority to consent to the allotment of the said tract of land to the appellant for the payment of debts of the estate; that the order of the District Court of Mayagüez exhibited to him failed to mention that the said authority had been granted; and that the fact of the approval by the court of the partition can not be alleged as a basis, owing to its purely formal character. He cites in support of his refusal *Ex parte Sotomayor et al.,* 24 P.R.R. 172, and *Estate of Alvarez* v. *Registrar,* 16 P.R.R. 572, and the citations made in the latter of these cases.

Subsequent to the decisions relied on by the registrar, and perhaps owing to the frequency and very often the necessity of allotting portions of the assets of an inheritance for the payment of decedent's debts, there was enacted Act No. 44, approved November 30, 1917, which reads as follows:

"Section 1.—That a new section is hereby added to 'An Act relating to special legal proceedings,' approved March 9, 1905, which shall be known as section 71 A, and shall read as follows:

" 'Section 71 A.—That whenever the partition of an inheritance is made wherein minors or incapacitated persons are interested, if property of the estate is to be adjudicated in payment of debts to heirs or others, the matter shall be submitted to the district court of competent jurisdiction for approval, and if said court, after hearing the *fiscal,* becomes convinced of the certainty of the debt and that the adjudication in payment of the same is reasonable and just it may approve such adjudication in payment of the debt without a public sale.' "

In the case at bar, where the partition was confined to the division of the conjugal property, the assignee of the surviving husband receiving the latter's share and the other one-half share being allotted to the heirs in indivision, and the other allotments being made for the payment of debts of the estate, the court, after hearing the district attorney and in

agreement with him, approved the partition as being fair, reasonable, and equitable. Approval was thus given to the certainty of the debt and to the reasonableness of the allotment made for the payment thereof, thereby rendering a public sale unnecessary.

The record refused must be ordered.